**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travis Dwayne Conish, ) | No. CV-08-486-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Curtis Jackson (50 Cent); Coca-Cola; and Glaceau, ) | |
| Defendants. ) | |

Plaintiff Travis Conish commenced this action by filing a pro se complaint against Defendants on March 11, 2008. Dkt. #1. Plaintiff has filed a motion to proceed in forma pauperis. Dkt. #3. The Court will dismiss the complaint without prejudice and deny the motion as moot.

**I.     Dismissal of the Complaint.**

"[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983); *see Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (same). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"Federal courts are courts of limited jurisdiction.  They possess only that power

1  authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511
2  U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction
3  over a case only if the complaint alleges a federal cause of action or the amount in
4  controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C.
5  §§ 1331, 1332(a).

6        Plaintiff's one-page complaint contains no factual allegations and no explanation of
7  his claim. Dkt. #1. The caption does state that Plaintiff is suing for "copyright, patent
8  infringement and theft," Dkt. #1 at 1, but this bare statement is not sufficient to invoke the
9  Court's jurisdiction. Plaintiffs must provide a statement of the grounds for the Court's
10 subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a) ("A pleading . . . shall contain (1) a short
11 and plain statement of the grounds upon which the court's jurisdiction depends[.]"). Federal
12 district courts have exclusive jurisdiction over claims arising under an act of Congress
13 relating to copyrights and patents, *see* 28 U.S.C. § 1338(a), but Plaintiff's complaint provides
14 no explanation as to why his claim arises under any such statute. Nor does the complaint
15 assert that the parties are citizens of different states. *See* 28 U.S.C. § 1332(a). The Court
16 accordingly will dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R.
17 Civ. P. 12(h)(3); *Franklin*, 662 F.2d at 1343 (affirming *sua sponte* dismissal of claims that
18 did not state a federal cause of action); *Kokkonen*, 511 U.S. at 377 (courts must presume lack
19 of jurisdiction until the plaintiff proves otherwise).

20 **II.    Leave to Amend the Complaint.**

21       "A pro se litigant must be given leave to amend his or her complaint unless it is
22 absolutely clear that the deficiencies of the complaint could not be cured by amendment."
23 *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In this case, Plaintiff
24 could cure the jurisdictional defect by asserting claims under federal copyright and patent
25 laws. *See generally* 17 U.S.C. §§ 501 *and* 35 U.S.C. §§ 271 *et seq.* The Court will dismiss
26 the complaint without prejudice and allow Plaintiff to file an amended complaint that
27 properly invokes this Court's jurisdiction. Plaintiff shall have until **Friday, April 25, 2008**
28 to file an amended complaint.

### III. Plaintiff's Obligations.

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(e) provides that each such paragraph "shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). The forms contained in the Appendix to the Federal Rules of Civil Procedure – which include forms regarding jurisdictional statements and sample complaints on various causes of action – "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. P. 84.

Plaintiff is advised that vague references to copyright and patent infringement are insufficient to satisfy even the liberal notice pleading requirements of Rule 8. The amended complaint must give Defendants fair notice of what Plaintiff's claims are and the grounds upon which they are based. *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for the claims and the specific legal theory supporting each claim. *See id.*; Fed. R. Civ. P. 8(a)(2). The amended complaint must also provide a clear statement of this Court's jurisdiction and the relief Plaintiff seeks. *See* Fed. R. Civ. P. 8(a)(1), (3).

Plaintiff is further advised that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

### IV. Plaintiff's Motion to Proceed In Forma Pauperis.

Because the complaint will be dismissed for lack of jurisdiction, the Court will deny as moot Plaintiff's motion to proceed in forma pauperis. Plaintiff may file another motion

to proceed in forma pauperis if he decides to file an amended complaint as permitted by this order. Plaintiff is advised that his supporting financial affidavit must be complete. The instant affidavit does not provide the name of Plaintiff's employer or the amount of his earnings, does not indicate whether Plaintiff has a spouse who is employed, and does not describe the nature of other monies Plaintiff received within the past twelve months. *See* Dkt. #3 ¶¶ 1-3.

**IT IS ORDERED:**

1. Plaintiff's complaint (Dkt. #1) is **dismissed** without prejudice for lack of subject matter jurisdiction.

2. Plaintiff has until **April 25, 2008** to file an amended complaint. The Clerk shall terminate this action without further notice if Plaintiff fails to comply with this deadline

4. Plaintiff's motion to proceed in forma pauperis (Dkt. #3) is **denied** as moot.

DATED this 25th day of March, 2008.

David G. Campbell
United States District Judge